

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

Troy L. Bell
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3087*

August 27, 2024

Honorable Darrel James Papillion
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C-456
New Orleans, Louisiana 70130

  Re: ***United States v. Louisiana Swamp Tours, L.L.C.***
     **Criminal Docket No.  24-107 "P"**

Dear Judge Papillion:

  In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and **LOUISIANA SWAMP TOURS, L.L.C.**, the defendant, in the above-captioned proceeding.  Defendant's undersigned counsel, Brian Capitelli, has reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement. The defendant, by corporate resolution attached hereto, has authorized its representative, Milton Walker, to enter into this plea agreement on the defendant's behalf.

  The government has agreed that should the Court accept the defendant's plea of guilty to Count One, the government agrees that it will not bring any other charges in the Eastern District of Louisiana relating to the defendant's false statements or business as it relates to the investigation conducted by the United States Coast Guard as described in the Bill of Information and Factual Basis. The defendant agrees to waive its right to be indicted by grand jury. The defendant and government agree and stipulate that the Eastern District of Louisiana is an appropriate venue for entry of a plea by the defendant to the Bill of Information.

  The defendant understands that the punishment range for this offense is a sentence of probation of not less than one year nor more than five years pursuant to Title 18, United States Code, Section 3561(c)(1). The defendant further understands that the maximum fine is $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571. **The government and the defendant agree, pursuant**

AUSA *TB*
Defendant *BC*
Defense Counsel *BSC*

to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a fine of $53,200.00 is an appropriate disposition of this case. This amount represents the gross revenue the defendant received while operating the vessel in violation of Title 33, Code of Federal Regulations, Sections 181.23(c), 181.33(a), 181.35, and Title 46, Code of Federal Regulations, Sections 176.402(a) and 176.700(a) as detailed in the Factual Basis. The defendant shall pay the fine by sending or hand delivering a certified check or money order in the amount of $53,200.00 to "Clerk, U.S. District Court" located at Clerk's Office, United States District Court, Eastern District of Louisiana, 500 Poydras Street, Room C151, New Orleans, LA 70130.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in Fed. R. Crim. P. 11(c)(3)(A). The parties further agree that should the Court not abide by this agreement, the defendant or the Government has the option of declaring this plea agreement null and void.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. The special assessment must be paid on the date of sentencing. Failure to pay the special assessment may result in the plea agreement being void.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal its conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that it may have the right to file collateral challenges to its conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

AUSA
Defendant
Defense Counsel

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest its guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of its sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which its sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up any right to challenge its sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to its sentence of any kind; and

d. The defendant specifically does not waive and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The Company further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the Company acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous, or in bad faith.

Further, the Company understands that any discussions with the Company's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not

3



AUSA
Defendant
Defense Counsel

mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant. **The defendant understands that if this Rule 11(c)(1)(C) plea is accepted by the Court the defendant will be fined $53,200.00.**

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive its rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws the decision to plead guilty, the guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice(s) of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice(s) of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge(s) of conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

The defendant further agrees to permit its employees and officers to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within the defendant's possession. It is also understood that the defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of its conviction will be immediately submitted

4

AUSA _____
Defendant _____
Defense Counsel _____

to the Treasury Offset Program. The defendant waives any objection to its inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represent defendant's entire agreement with the Government and that there are no other agreements, letters or notations that will affect this agreement. This Plea Agreement shall bind defendant and any subsidiaries.

Very truly yours,

DUANE A. EVANS
UNITED STATES ATTORNEY

_____  8/27/2024
TROY L. BELL                Date
Assistant United States Attorney

_____  8/27/24
BRIAN CAPITELLI             Date
Attorney for DEFENDANT

_____  8/27/24
~~MILTON WALKER~~ Brian Capitelli  Date
Corporate Representative for
Defendant, LOUISIANA SWAMP TOURS, L.L.C.

5